**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **OSCAR LOPEZ, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**JSV ENTERPRISES, INC., FLAGSHIP QUEENS, INC., FOTIOS "FRANK" LOUNTZIS, VINCENT PUPPLO, AND DEMETRIOS "JIMMY" SKARTSIARIS, Jointly and Severally,**<br><br>**Defendants.** | **<u>CLASS & COLLECTIVE ACTION COMPLAINT</u>**<br><br>**Jury Trial Demanded** |

Plaintiff Oscar Lopez ("Lopez" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. Plaintiff is a former busser, dishwasher and delivery employee at Defendants' diner restaurant located in Queens County, New York. Regardless of which position he held while working for Defendants, for his work, he was paid less than minimum wage and was not paid overtime premiums for hours worked over 40 in a given workweek.

2. Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread-of-hours premiums, for failure to provide proper wage notices and wage statements, for unlawful withholding of gratuities, and for uniform violations pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all servers, bussers, dishwashers, delivery employees, and all other non-management employees working for Defendants in New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7. Plaintiff was, at all relevant times, an adult individual residing in Queens County, New York.

8. Throughout the relevant time period, Plaintiff performed work for Defendants at Flagship Restaurant, located at 13830 Queens Boulevard, Briarwood, New York 11435.

9. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

10. JSV Enterprises, Inc. ("JSV") is an active New York Corporation doing business as Flagship Restaurant. According to the New York State Department of State filings, JSV has its principal executive office at 11 Rini Court, Glen Head, New York 11545.

11. Flagship Queens, Inc. (collectively with "JSV," the "Corporate Defendants" or "Flagship") is an active New York Corporation doing business as Flagship Restaurant. According to the New York State Department of State filings, Flagship Queens, Inc. has its principal executive office at 11 Vineyard Lane, Greenwich, Connecticut 06831.

12. Upon information and belief, the Corporate Defendants jointly operate Flagship Diner/Restaurant located at 13830 Queens Boulevard, Briarwood, New York 11435.

13. Defendant Fotios "Frank" Lountzis ("Lountzis") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, Lountzis was in charge of determining the Corporate Defendants' policies with respect to payroll, and otherwise running the business of the Corporate Defendants.

14. Defendant Vincent Pupplo ("Pupplo") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, Pupplo was in charge of determining the Corporate Defendants' policies with respect to payroll, and

otherwise running the business of the Corporate Defendants.

15. Defendant Demetrios "Jimmy" Skartsiaris ("Skartsiaris" and collectively with Lountzis, and Pupplo, the "Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, Skartsiaris was in charge of determining the Corporate Defendants' policies with respect to payroll, and otherwise running the business of the Corporate Defendants.

16. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

17. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

18. At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

19. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since March 12, 2012 and through the entry of judgment in this case (the "Collective Action Period") who worked as servers, bussers, dishwashers, delivery employees, and all other non-management employees (the "Collective Action Members").

21. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

22. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ALLEGATIONS

23. Pursuant to the NYLL, Plaintiff brings his Third through Ninth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants in New York at any time since March 12, 2009 and through the entry of judgment in this case (the "Class Period") who worked as servers, bussers, dishwashers, delivery employees, and all other non-management employees (the "Class Members").

24. <u>The Class Members are readily ascertainable</u>. The number and identity of the

Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

25. The Class Members are so numerous that joinder of all members is impracticable.

26. Upon information and belief, there are well in excess of forty (40) Class Members.

27. There are questions of law and fact common to the claims of Plaintiff and the claims of the Class. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include whether Defendants had a corporate policy of: failing to pay wages for all hours worked; failing to pay at least the statutory minimum wage for all hours worked; failing to pay overtime premiums when employees worked in excess of forty (40) hours per week; failing to pay spread-of-hours premiums for days in which employees worked in excess of ten (10) hours or split shifts; failing to provide uniform and uniform maintenance pay to Defendants' employees who are required to wear a uniform; failing to provide proper wage statements; failing to provide proper wage notices; and unlawfully withholding gratuities. The answer to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

28. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, is a restaurant employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia,* paid less than the statutory minimum wage for all hours worked, was not paid overtime premium pay for hours worked over

forty (40) hours in a given workweek, did not receive proper wage statements and wage notices, and had his gratuities unlawfully withheld. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

29. Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

30. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

31. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members wages for all hours worked;

d. whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

e. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

f. whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

g. whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

h. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i. whether Defendants failed to reimburse Plaintiff and the Class Members for the cost of their uniform;

j. whether Defendants failed to pay Plaintiff and the Class Members uniform maintenance pay;

k. whether Defendants unlawfully withheld gratuities from Plaintiff and Class Members;

l. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

m. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

32. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

33. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant**

*34.* At all relevant times, Defendants have been in the food service business. Upon information and belief, the Individual Defendants have owned, operated, and managed Flagship Diner/Restaurant since the late 1990s.

35. According to Defendants' website, the Individual Defendants "had all been working at the diner when the former owner approached them about selling the operation 16 years ago." (See www.theflagshipdiner.com/about.hmtl). "[Defendant Skartsiaris] attributes the Flagship's success to all three partners having extensive experience in the restaurant business and bringing different ideas to the table . . ." (Id.)

*36.* Upon information and belief, the Individual Defendants are a constant presence in the restaurant and take an active role in ensuring that the restaurant is run in accordance with their procedures and policies. Defendants' website provides a quote from Defendant Lountzis stating that he comes to the diner every day. (See id.)

*37.* Flagship is a 170-seat restaurant open 24 hours a day, 7 days a week.

**Plaintiff's Work for Defendants**

38. Plaintiff Lopez was employed by Defendants as a dishwasher, delivery employee and busser at Flagship from in or around June 2014 through in or around March 1, 2015 (the "Lopez Employment Period").

39. Throughout the Lopez Employment Period, Plaintiff Lopez was typically scheduled to work six (6) days per week, with most Tuesdays off, with a varying schedule throughout the week. Plaintiff usually worked on Mondays and Wednesdays from approximately 11:00 am to approximately 9:00 pm, Thursdays from approximately 5:00 pm to

approximately 2:00 am, Fridays from approximately 5:00 pm to approximately 9:00 pm, Saturdays from approximately 5:00 pm to approximately 7:00 am, and Sundays from approximately 10:00 am to approximately 9:00 pm, for a total of approximately fifty-eight (58) hours per week.

40. Throughout the Lopez Employment Period, Plaintiff Lopez worked interchangeably in the three (3) different capacities (i.e., dishwasher, delivery employee, and busser) with the same payment structure, even though he was "hired" as a busser.

41. For his work, throughout the Lopez Employment Period, Plaintiff Lopez was paid on a purported "salary" basis of one hundred thirty eight dollars ($138.00) per week. Plaintiff Lopez was not allowed to retain the tips he received for the deliveries he made while working as a delivery employee.

42. Throughout the Lopez Employment Period, Plaintiff Lopez received his wage payment every Wednesday in a check from Flagship's overnight manager "Ruben". With his payment, Plaintiff Lopez was not provided a wage statement indicating the amount of hours he worked during the week, his regular rate, and/or his overtime rate.

43. Although Lopez always worked in excess of forty (40) hours per week throughout his employment with Defendants, he never received overtime premium pay for the hours he worked in excess of forty (40) hours in a given workweek.

44. Throughout the Lopez Employment Period, Plaintiff Lopez was required to wear a uniform while working at Defendants' restaurant. During that period Plaintiff Lopez was required to wear a white polo shirt, dress pants and a black apron with the restaurant's logo. During his employment at Defendants' restaurant, he was required to paid for the second apron with logo, which cost (approximately $10), was deducted from his wage payment. Plaintiff

Lopez was also responsible for maintaining and cleaning his uniform during his entire employment period and did not receive from Defendants any uniform maintenance pay.

45. Throughout the Lopez Employment Period, Plaintiff Lopez was required to punch-in and punch-out in time clock, although the hours recorded by the time clock were not accurate. For that reason, Plaintiff Lopez was required to sign a document every Sunday stating the amount of hours he worked during the prior workweek.

**Defendants' Unlawful Corporate Policies**

46. Defendants' failure to pay Plaintiff minimum wage for all hours worked is a corporate policy of Defendants which applies to all of their non-management employees throughout the relevant time period.

47. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants which applied to all of their non-management employees throughout the relevant period.

48. Defendants' failure to pay Plaintiff spread of hours premiums for days in which Plaintiff worked a spread of more than ten hours or a split shift was a corporate policy which applied to all of their non-management employees who worked more than ten hours in a day and/or a split shift throughout the relevant time period.

49. Plaintiff has also spoken with other employees of Defendants who were paid on a purported "salary" basis, the amount of which ends up compensating these employees at less than minimum wage for all hours worked and without overtime premium compensation for hours worked in excess of forty (40) in a given workweek.

50. Defendants' policies of paying certain employees on a "salary" basis rather than

an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

51. Defendants did not provide Plaintiff or Class Members with proper wage notices at the time of hire or by February 1 of each year.

52. Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages and overtime premiums.

53. Plaintiff's work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

54. The work performed by Plaintiff required little skill and no capital investment.

55. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment. Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week. Additionally, such individuals were not provided spread of hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments on a weekly basis.

56. Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

57. Upon information and belief, throughout the Class Period and continuing until today, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**

58. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. By failing to pay Plaintiff and the Collective Action Members the tipped minimum wage for all hours worked, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

62. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**

66. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

68. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**

69. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

71. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS**

72. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

74. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**

75. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

77. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages

as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENT**

78. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79. Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

80. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**EIGHTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNLAWFUL WITHHOLDING OF GRATUITIES**

84. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85. Defendants have willfully failed to compensate Plaintiff and the Class Members for all gratuities earned by withholding a portion of gratuities left by patrons for Plaintiff and the Class, in violation of § 196-d of the New York Labor Law. Accordingly, Defendants are required to compensate Plaintiff and the Class Members for all gratuities withheld by Defendants.

86. Due to the Defendants' New York Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, 196-d.

**NINTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNIFORM VIOLATIONS**

87. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

88. Defendants willfully violated the rights of the Plaintiff and the Class Members by failing to reimburse them for the purchase of their required uniforms, and by failing to provide them with uniform maintenance pay, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.8 (2009), 146-1.7 & 1.8 (2011).

89. Defendants' uniform violations caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants the amount that Defendants failed to reimburse Plaintiff and Class Members for the purchase of their uniforms and the amount that they failed to pay Plaintiff and Class Members for the maintenance of such uniforms, damages for unreasonably delayed payment of wages,

liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(I) *et al.*

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i. An award of damages arising out of the improper uniform expense deductions and unpaid uniform maintenance costs under the NYLL;

j. Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b.

k. One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

l. An award of damages arising out of the non-payment of gratuities;

m. An award of liquidated damages arising out of the non-payment of gratuities;

n. An award of prejudgment and post-judgment interest;

o. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

p. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
March 12, 2015

**PELTON & ASSOCIATES PC**

By: ______________________

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff, the FLSA Collective and Class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Flagship Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

| Oscar | 3/2/15 | Oscar Lopéz |
|---|---|---|
| Firma | Fecha | Nombre Escrito |